1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  JULIANA M. YEE (State Bar No. 304564)
   Juliana.Yee@mto.com
3  CARSON SCOTT (State Bar No. 339868)
   Carson.Scott@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4077
7
   HELEN E. WHITE (*pro hac vice*)
8  Helen.White@mto.com
   MUNGER, TOLLES & OLSON LLP
9  601 Massachusetts Avenue NW, Suite 500 E
   Washington, DC 20001
10 Telephone:    (202) 220-1100
   Facsimile:    (202) 220-2300
11
   Attorneys for Defendants
12 Google LLC and YouTube, LLC

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16 | ROBERT F. KENNEDY, JR.,              | Case No. 3:23-cv-03880-TLT
17 |         Plaintiff,                   | **MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING DATE ON GOOGLE'S FORTHCOMING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
18 |    vs.                               |
19 | GOOGLE LLC AND YOUTUBE, LLC,         |
20 |         Defendants.                  | (Civil L.R 6-3)
21 |                                      | Judge:    Hon. Trina Thompson

Pursuant to Civil Local Rule 6-3, Defendants Google LLC and YouTube, LLC ("Google") respectfully request that the Court enter an order modifying the briefing and hearing schedule on Google's forthcoming motion to dismiss Plaintiff Robert F. Kennedy, Jr.'s amended complaint. Google requests that the Court re-set Google's forthcoming motion to dismiss for a hearing on November 7, 2023, the same date as the hearing on Kennedy's motion for preliminary injunction, to allow both motions to be heard on the same day. Combining the hearings will be more efficient for the Court and parties because there will be substantial overlap between the issues presented and, in the event the Court grants Google's motion to dismiss, it will render the preliminary injunction motion moot. *See Lindberg v. Wells Fargo Bank, N.A.*, No. C 14-2544 PJH, 2015 WL 1137634, at *3 (N.D. Cal. Mar. 13, 2015). To allow the Court nearly three weeks to consider the briefs prior to a November 7 hearing without prejudicing Plaintiff's time to respond, Google further requests to advance the deadline for filing its motion to dismiss by six days and to reset the opposition and reply deadlines accordingly.

I.      BACKGROUND

Plaintiff filed an initial complaint and application for temporary restraining order ("TRO") in August 2023. Dkt. Nos. 1, 7. Following briefing and a hearing, this Court denied the TRO application in a written order. Dkt. No. 32. It issued a scheduling order setting briefing deadlines on Google's anticipated motion to dismiss the original complaint and Kennedy's motion for preliminary injunction. Dkt. No. 30. It scheduled a hearing for both motions on the same day, November 7, 2023. Dkt. No. 29.

On August 30, 2023, Google filed a motion to dismiss the initial complaint. Dkt. No. 37. Kennedy responded by filing an amended complaint on September 12, 2023. Dkt. No. 42. The amended complaint asserts claims for (1) Declaratory/Injunctive Relief under First Amendment/State Action Doctrine; and (2) Declaratory Relief under Article I, sec. 2 of the California Constitution/*Pruneyard*. Dkt. No. 42.

Following the filing of Kennedy's amended complaint, on September 13, this Court issued an order setting a new briefing schedule and hearing date on any motion to dismiss the amended complaint. Dkt. No. 44. Under the Court's September 13 Order, Google's motion to dismiss is

due by October 3, 2023; Kennedy's opposition is due by October 17, 2023; and Google's reply is due by October 24, 2023. *Id.* The Court set a hearing on the motion to dismiss in four months, on January 16, 2024. *Id.*

On September 15, 2023, pursuant to Local Rule 6-3(a)(2), undersigned counsel for Google reached out to counsel for Kennedy via email to request a stipulation re-setting the motion to dismiss hearing date to November 7, 2023 and advancing the deadline for filings its motion to dismiss to allow the Court additional time with the briefing in advance of a November 7th hearing. Declaration of Juliana Yee Ex. A. Plaintiff did not consent to the proposed stipulation, but stated that he does not plan to file a formal opposition. *Id.* Ex. B.

No prior requests for time modifications have been made in connection with this motion or any similar motion. *Id.* ¶ 4. The requested changes will not otherwise impact the schedule of the case. *Id.* ¶ 5.

## II.   THE COURT SHOULD SHORTEN TIME ON GOOGLE'S MOTION TO DISMISS

### A.   This Court Should Hear Both Motions on November 7

Resetting the motion to dismiss for hearing on the same day as the preliminary injunction motion will be significantly more efficient for the Court because both motions are expected to raise the same issues and avoids any potential prejudice to Google insofar as it intends to argue that this Court should simply deny the preliminary injunction as moot after granting its motion to dismiss.

The two motions will raise overlapping issues. Google intends to file a motion to dismiss both claims asserted in the amended complaint for failure to state a claim under Rule 12(b)(6). In its motion, Google expects to raise claim-dispositive issues, including whether Kennedy has stated a plausible First Amendment claim under the U.S. Constitution premised on the state action doctrine; whether Kennedy fails to state a plausible free speech claim under the California Constitution; and whether Kennedy's free speech claim under the California Constitution is barred by Section 230 of the Communications Decency Act. Kennedy's anticipated preliminary injunction motion will raise the same issues, because he must show a "likelihood of success on the

merits" to obtain a preliminary injunction.  *See Winter v Nat. Res. Def. Council*, 555 U.S. 7, 20-22 (2008).

Indeed, considering both motions simultaneously may save significant judicial resources, as a "preliminary injunction motion can be premised only on claims that are capable of surviving a motion to dismiss." *Lindberg*, 2015 WL 1137634, at *3, 6 (denying as moot pending motion for preliminary injunction where motion to dismiss was granted, as "plaintiff ha[d] no remaining viable claims"); *see also Lewis v. U.S. Bank Nat'l Ass'n*, No. 16-CV-05490-JSW, 2017 WL 2903192, at *10 (N.D. Cal. Apr. 5, 2017), *aff'd sub nom. Lewis v. U.S. Bank Nat'l Ass'n as Tr. to Wachovia Bank, Nat'l Ass'n*, 740 F. App'x 155 (9th Cir. 2018) (same); *cf. Table Bluff Rsrv. (Wiyot Tribe) v. Philip Morris, Inc.*, No. C-99-2621 MHP, 1999 WL 33295030, at *1 (N.D. Cal. Nov. 12, 1999), *aff'd*, 256 F.3d 879 (9th Cir. 2001) (court "stayed the preliminary injunction motion in order to first resolve defendants' motion to dismiss").  Courts therefore routinely consider motions to dismiss at the same time as motions for a preliminary injunction, as the Court had originally ordered.  *E.g.*, *Carson v. Verismart Software*, No. C 11-03766 LB, 2012 WL 1038654, at *1 (N.D. Cal. Mar. 27, 2012) ("judicial resources were best employed by hearing [plaintiff's] motion—which given the requested timing appears to be one for a preliminary injunction—at the same time as the motions to dismiss filed by Defendants."); *Alcaraz v. KMF Oakland LLC*, No. 18-CV-02801-SI, 2019 WL 5102600, at *6 (N.D. Cal. Oct. 11, 2019) ("a motion to dismiss … will be heard at the same time as the motion for preliminary injunction"); *Melt Franchising, LLC v. PMI Enterprises, Inc.*, No. CV 08-4148 PSG (MANx), 2008 WL 11338025, at *1 (C.D. Cal. Aug. 18, 2008) (court continuing preliminary injunction hearing "so that it could rule on both the motion to dismiss or transfer and the preliminary injunction at the same time").

In addition, advancing the hearing also avoids any prejudice to Google that may result from delaying adjudication of its motion to dismiss to January.  Google intends to argue that this Court should grant Google's motion to dismiss the amended complaint and deny as moot Kennedy's preliminary injunction motion.

### B. Google Agrees to Advance Briefing Deadlines on Its Motion to Dismiss To Aid the Court's Consideration of Both Motions

Under the current briefing schedule on Google's motion to dismiss, all briefing on the motion is expected to be completed by October 24, 2023, two weeks before the November 7 hearing. Dkt. No. 44. Nevertheless, to aid the Court's consideration of both motions, Google agrees to advance the briefing deadlines on its motion to dismiss. Specifically, Google proposes to file its motion to dismiss six days early and also to advance the opposition and reply deadlines by six days, as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Google's Motion to Dismiss | 10/3 | 9/27 |
| Kennedy's Opp. to MTD | 10/17 | 10/11 |
| Google's Reply | 10/24 | 10/18 |
| MTD Hearing | 1/16 | 11/7 |

Under Google's proposed schedule, all briefing on the motion to dismiss and preliminary injunction motion will be completed by October 18, nearly three weeks in advance of November 7. Kennedy will have the same amount of time to oppose Google's motion as he would under the current briefing schedule. Indeed, Google's proposed schedule allows Kennedy largely to avoid having to prepare an opposition to the motion to dismiss at the same time he is preparing his reply to the preliminary injunction motion, which he is otherwise required to do under the current briefing schedule. *See* Yee Decl. Ex. A (Briefing Schedule).

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court advance the hearing on its motion to dismiss from January 1, 2024 to November 7, 2023. In the event the hearing date is advanced, and to the extent helpful to the Court, Google further requests that the Court order its motion to dismiss the amended complaint due by September 27, 2023; Kennedy's opposition due by October 11, 2023; and Google's reply due by October 18, 2023.

| | | |
|---|---|---|
| 1 | DATED: September 18, 2023 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| 3 | | By:    */s/ Juliana M. Yee* |
| 4 | |        JULIANA M. YEE |
| 5 | | Attorneys for Defendants |
|   | | Google LLC and YouTube, LLC |