Scott J. Street (SBN 258962)
**JW HOWARD/ATTORNEYS, LTD.**
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (SBN 80200)
Andrew G. Nagurney (SBN 301894)
**JW HOWARD/ATTORNEYS, LTD.**
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

Attorneys for Plaintiff,
ROBERT F. KENNEDY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. KENNEDY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, a Delaware corporation, and YOUTUBE, LLC, a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-03880-TT <br><br> [Assigned to the Hon. Trina Thompson] <br><br> **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> [Filed concurrently with Opposition to Motion to Dismiss] <br><br> Date: January 16, 2024 <br> Time: 2:00 p.m. <br> Crtrm: 9 |

///

///

///

///

Plaintiff Robert F. Kennedy, Jr., respectfully opposes the request for judicial notice submitted by Defendants Google LLC and YouTube, LLC ("Google"), with their motion to dismiss.

Google asked the Court to take judicial notice of various, earlier versions of YouTube's content moderation policies, which appear on archived web pages. Although it did not cite a statute, Google contends that the Court can take judicial notice of these web pages because they are "publicly accessible …." ECF 50 at 5 n.2. It is wrong.

"Under Rule 201 [of the Federal Rules of Evidence], the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) (quotations omitted) (cleaned up). But that rule does not extend to private corporate websites like the ones owned by Google. "Private corporate websites, particularly when describing their own business, are a source whose accuracy is reasonably questioned." *Id.* (quotations omitted); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation.").

"Even if a court judicially notices a party's website, the court is simply taking as true that the website exists and makes certain representations about the company to the public.'" *Genasys,* 638 F. Supp. 3d at 1146 (quotations omitted). That is not what Google is trying to do here, though. It wants the Court to infer that, because it had some policies related to alleged medical misinformation before the interactions described in Mr. Kennedy's motion (the same interactions that the Fifth Circuit found to violate the First Amendment in the *Missouri v. Biden* case), its current misinformation policies could not have been induced by the government. That is a

factual determination that cannot be made through the judicial notice rule.

In fact, this evidence (although improper to consider at the pleading stage) raises more questions than it answers. It suggests that Google decided *not* to censor Kennedy's speech before 2021, despite having policies in place that it could have cited to justify that decision. It suggests that Google only decided to censor Kennedy after being pressured by the Biden Administration (Kennedy's political opponent) to do so during 2021 and beyond. Thus, if anything, the evidence shows exactly why further fact-finding is warranted.

For now, though, the Court should deny the request for judicial notice, as it is improper.

DATED:  October 12, 2023            JW HOWARD/ATTORNEYS, LTD.


By:  */s Scott J. Street*
     John W. Howard
     Scott J. Street
     Attorneys for Plaintiff,
     ROBERT F. KENNEDY, JR.

# **CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On October 12, 2023, I caused the **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** to be filed and served via the Court's Electronic Service upon the parties listed on the Court's service list for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on October 12, 2023 at San Diego, California.

*/s/ Dayna Dang*
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com