Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (SBN 80200)
Andrew G. Nagurney (SBN 301894)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com
       drew@jwhowardattorneys.com

Attorneys for Plaintiff,
ROBERT F. KENNEDY, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. KENNEDY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, a Delaware corporation, and YOUTUBE, LLC, a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-03880-TLT <br><br> [Assigned to the Hon. Trina Thompson] <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date: November 2, 2023 <br> Time: 2:00 p.m. <br> Crtrm: 9 |

///

///

///

///

1

JOINT CASE MANAGEMENT STATEMENT                                    CASE NO. 3:23-cv-03880-TLT

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction & Service**

**Plaintiff's Statement:** The Court has jurisdiction over Mr. Kennedy's federal claim under 28 U.S.C. § 1331. It has supplemental jurisdiction over Mr. Kennedy's state law claim under 28 U.S.C. § 1367. All parties have been served. Mr. Kennedy does not expect to add any more defendants. Venue is proper, as both Defendants reside in the Northern District of California.

**Defendants' Statement:** The Court has federal question jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331. Because Plaintiff fails to state a claim on his federal count, the Court should decline to exercise supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and this Court has personal jurisdiction over Defendants as they are all residents of this state. All Defendants have been served.

**2.     Facts**

**Plaintiff's Statement:** This case challenges the content moderation policies employed by Defendants to remove alleged "misinformation" from YouTube. Mr. Kennedy contends that Defendants' policies violate the First Amendment and the California Constitution's liberty of speech clause both on their face and as applied to comments he makes on matters of public concern during the 2024 presidential election, in which Mr. Kennedy is an independent candidate. Mr. Kennedy filed the case last summer, after Defendants removed several videos of his political speeches and interviews from YouTube.

**Defendants' Statement:** Defendants have long maintained policies that govern the dissemination of misinformation on YouTube, including policies that address COVID-19 misinformation and misinformation related to vaccines, specifically.

These policies pre-date all of the allegations made in Plaintiff's First Amended Complaint. During the COVID-19 pandemic, Defendants engaged in information sharing with various executive branch representatives regarding Defendants' ongoing and existing efforts to combat COVID-19 misinformation on YouTube. Plaintiff has failed to allege a single communication in which government officials instructed, requested, or even suggested that Defendants remove the content that is the subject of Plaintiff's complaint or adopt a policy that would allow them to do the same. Years after Defendants' information sharing exchanges with government officials, Defendants allegedly removed videos of Plaintiff from YouTube pursuant to policies materially similar to those in place well prior to the identified information sharing exchanges.

### 3. Legal Issues

**Plaintiff's Statement:** Mr. Kennedy contends that YouTube's content moderation policies—specifically its current "medical misinformation policy"—violate the First Amendment and the California Constitution because they discriminate against speech based on its content in a public forum. Mr. Kennedy also contends that the current medical misinformation policy is subject to constitutional scrutiny under the state action doctrine because Defendants developed the policy in response to demands from, and in partnership with, officials in the executive branch of the federal government, and because the policy relies entirely on government sources to decide which speech gets removed from YouTube.

**Defendants' Statement:** Plaintiff seeks to hold Defendants—who indisputably are private entities—liable for alleged First Amendment violations. The principal legal issue in this case, then, is whether Plaintiff can show that this is one of the exceptional cases where otherwise private activity may be treated as state action. In its order on Plaintiff's TRO application, this Court already correctly held that under binding Ninth Circuit precedent, Plaintiff is unlikely to succeed in doing so. Indeed, allegations

nearly identical to those made by Plaintiff have been repeatedly and consistently rejected by judges in this District. Additionally, Plaintiff has failed to allege a single communication between the federal government and Defendants regarding content related to him, let alone regarding the specific content that is the subject of his Complaint, a shortcoming that independently dooms his case. Finally, Defendants assert that their First Amendment rights to remove content from their platform separately bar Plaintiff's claims, as the injunction Plaintiff seeks would undoubtedly infringe those rights.

### 4. Motions

**Parties' Statement:** Mr. Kennedy filed an application for a temporary restraining order on August 9, 2023. ECF 7. After a hearing, the Court denied the application. ECF 32. Mr. Kennedy filed his motion for a preliminary injunction on September 25, 2023. ECF 49. It is set for a hearing on November 7, 2023. After Kennedy filed an amended complaint, Defendants filed a motion to dismiss. ECF 50. It is set for a hearing on January 16, 2024.

### 5. Amendment of Pleadings

**Plaintiff's Statement:** Mr. Kennedy does not expect to add any claims or parties but he would add factual allegations regarding the partnership between Defendants and executive branch officials—including evidence of coercion by the government toward Defendants—if he obtains such evidence during discovery.

**Defendants' Statement:** Further amendment of the complaint would be futile, and Defendants would oppose any motion seeking leave to file a second amended complaint. The discovery process cannot be used to bolster a facially deficient complaint.

### 6. Evidence Preservation

**Parties' Statement:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and conferred

pursuant to Rule 26(f) about taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

**Parties' Statement:** The parties agree that initial disclosures should be made after the Court rules on Defendants' motion to dismiss.

**8. Discovery**

**Parties' Statement:** No discovery has been done yet. The only discovery Mr. Kennedy is seeking right now is the limited discovery outlined in his motion for a preliminary injunction. Defendants have opposed that request. Other than that request, the parties have agreed to delay all other discovery until after the Court rules on Defendants' motion to dismiss.[1]

**9. Class Actions**

**Parties' Statement:** This is not a class action.

**10. Related Cases**

**Plaintiff's Statement:** There are no related cases pending in this Court but a case involving similar issues, *Murthy v. Missouri*, No. 23A243, is pending in the United States Supreme Court. It challenges the Fifth Circuit's decision in *Missouri v. Biden*, which enjoined certain executive branch officials from coercing or significantly encouraging technology companies like Defendants from censoring user based on their viewpoint.

**Defendants' Statement:** There is not currently any related case.

**11. Relief**

**Plaintiff's Statement:** Mr. Kennedy seeks declaratory and injunctive relief.

**Defendants' Statement:** Defendants believe Plaintiff has failed to state any

---

[1] The parties also agree that either party or both parties may potentially seek a stay of the litigation (including discovery) pending any appeal of any order resolving Plaintiff's pending motion for a preliminary injunction.

claim against Defendants and ask that the Court either (1) dismiss Plaintiff's federal law claim with prejudice and decline to exercise supplemental jurisdiction over his state law claim; or (2) dismiss all claims with prejudice.

### 12. Settlement and ADR

**Parties' Statement:** Given the legal issues raised, the parties do not believe this case is amenable to ADR or other settlement proceedings.

### 13. Other References

**Parties' Statement:** The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

**Parties' Statement:** The parties have already worked to narrow the issues and will continue to do so. They will revisit this issue if the case proceeds into discovery.

### 15. Expedited Trial Procedure

**Parties' Statement:** The Parties agree that consideration of expedited trial procedure is not applicable at this stage.

### 16. Scheduling

**Parties' Statement:** These dates were already set by the Court.

### 17. Trial

**Parties' Statement:** The parties would expect this matter to be tried to the Court. They cannot provide a time estimate until some discovery has been done.

### 18. Disclosure of Non-party Interested Entities or Persons

**Parties' Statement:** The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties do not know of any additional people or entities that must be listed in this statement.

### 19. Professional Conduct

**Parties' Statement:** The attorneys of record have reviewed the Guidelines for

Professional Conduct for the Northern District of California.

**20.  Other**

**Parties' Statement:** The parties do not know of any other matters that require discussion at this time.

DATED:  October 24, 2023            JW HOWARD/ATTORNEYS, LTD.


By:  */s Scott J. Street*
　　　Scott J. Street
　　　Attorneys for Plaintiff
　　　ROBERT F. KENNEDY, JR.

DATED:  October 24, 2023            MUNGER TOLLES & OLSON LLP


By:  */s Jonathan Blavin*
　　　Jonathan Blavin
　　　Attorneys for Defendants
　　　GOOGLE LLC and YOUTUBE, LLC

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On October 24, 2023, I caused the **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** to be filed and served via the Court's Electronic Service upon the parties listed on the Court's service list for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 24, 2023 at San Diego, California.

*/s/ Dayna Dang*
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com