JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
JULIANA M. YEE (State Bar No. 304564)
Juliana.Yee@mto.com
CARSON SCOTT (State Bar No. 339868)
Carson.Scott@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

HELEN E. WHITE (*pro hac vice*)
Helen.White@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

Attorneys for Defendants
Google LLC and YouTube, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. KENNEDY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, a Delaware corporation, and YOUTUBE, LLC, a Delaware corporation, <br><br> Defendants. | Case No. 3:23-cv-03880-TLT <br><br> [Assigned to the Hon. Trina Thompson] <br><br> **JOINT STATUS REPORT REGARDING NINTH CIRCUIT APPEAL** |

///

Pursuant to the Court's order dated June 12, 2024 (ECF 78) ordering the parties to file a joint status report within seven (7) days of the Ninth Circuit's decision regarding the appeal of this Court's order denying Plaintiff Robert F. Kennedy, Jr.'s motion for a preliminary injunction (ECF 60), the parties provide the following joint report:

On August 26, 2024, the Ninth Circuit affirmed the Court's order denying Plaintiff's motion for a preliminary injunction in a Memorandum Disposition. *Kennedy v. Google, LLC*, No. 23-3411, 2024 WL 3934326 (9th Cir. Aug. 26, 2024). The decision is attached for the Court's convenience.

Respectfully submitted,

DATED: August 30, 2024        MUNGER TOLLES & OLSON LLP

By:    */s/ Jonathan Blavin*
       Jonathan Blavin
       Attorneys for Defendants
       GOOGLE LLC and YOUTUBE, LLC

DATED: August 30, 2024        JW HOWARD/ATTORNEYS, LTD.

By:    */s/ Scott J. Street*
       Scott J. Street
       Attorneys for Plaintiff
       ROBERT F. KENNEDY, JR.

# ATTACHMENT

Case 3:23-cv-03880-TLT    Document 88    Filed 08/30/24    Page 4 of 5
ROBERT F. KENNEDY, Jr., Plaintiff - Appellant, v...., Not Reported in Fed....
2024 WL 3934326

2024 WL 3934326
Only the Westlaw citation is currently available.
**NOT FOR PUBLICATION**
United States Court of Appeals, Ninth Circuit.

ROBERT F. KENNEDY, Jr., Plaintiff - Appellant,

v.

GOOGLE LLC, a Delaware corporation; YOUTUBE, LLC, a Delaware corporation, Defendants - Appellees.

No. 23-3411
|
Filed August 26, 2024
|
Argued and Submitted May 14, 2024 San Francisco, California

D.C. No. 3:23-cv-03880-TLT

Appeal from the United States District Court for the Northern District of Californian Trina L. Thompson, District Judge, Presiding

Before: CALLAHAN and SANCHEZ, Circuit Judges, and KRONSTADT, District Judge.[**]

[**] The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM[*]

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**\*1** After YouTube[1] removed at least two of Robert F. Kennedy, Jr.'s videos for allegedly containing misinformation about vaccines, Kennedy filed this action asserting that the removals violated his rights under the First Amendment because YouTube's actions should be fairly treated as action by the government. The District Court denied Kennedy's request for a preliminary injunction finding that he had not shown that Google was a "state actor." Kennedy appeals from the denial. We have appellate jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.

[1] YouTube, LLC is a subsidiary of Google LLC. "YouTube" and "Google" are used interchangeably by the parties and in this memorandum.

Injunctive relief requires assessment of the following factors: (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent an injunction, (3) a balance of equities, and (4) whether the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2009). We employ a sliding scale allowing the issuance of a preliminary injunction where serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133–34 (9th Cir. 2011). A denial of a preliminary injunction is reviewed for abuse of discretion. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016).

A private company is not ordinarily subject to the First Amendment's constraints. *See Prager University v. Google, LLC*, 951 F.3d 991, 996 (9th Cir. 2020). Accordingly, Kennedy premises his claims on the assertion that Google was a "state actor" when it removed his videos. A private entity may be considered a state actor when "the alleged constitutional violation was caused by the 'exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.' " *O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Kennedy asserts that Google acted as a state agent under the nexus test or the joint action test. A private entity may be a state actor under the nexus test where it is shown that "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.' " *Id.* at 1157 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Alternatively, a private entity may be shown to be a state actor under the joint action test "when the State 'significantly involves itself in the private parties' actions and decisionmaking' in a 'complex and deeply intertwined process.' " *Id.* at 1159 (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020)).

Google asserts that it is a private entity with its own First Amendment rights and that it removed Kennedy's videos on its own volition pursuant to its own misinformation policy and not at the behest of the federal government. Kennedy has

not rebutted Google's claim that it exercised its independent editorial choice in removing his videos.[2] Nor has Kennedy identified any specific communications from a federal official to Google concerning the removed Kennedy videos, or identified any threatening or coercive communication, veiled or otherwise, from a federal official to Google concerning Kennedy.[3] As Kennedy has not shown that Google acted as a state actor in removing his videos, his invocation of First Amendment rights is misplaced. The district court's denial of a preliminary injunction is **AFFIRMED**.

[2]   See *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2401–02 (2024) (stating that exercising editorial discretion in the selection and presentation of content is speech activity).

[3]   See *Murthy v. Missouri*, 144 S. Ct. 1972, 1987 (2024) (noting that "the platform[ ], acting independently, had strengthened [its] pre-existing content-moderation policies before the Government ... got involved.").

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 3934326

---

End of Document                                                                  © 2024 Thomson Reuters. No claim to original U.S. Government Works.